LAKE SHORE & MICHIGAN SOUTHERN RAILWAY
COMPANY v. ANDERSON ET AL.

[No. 5,839.    Filed November 27, 1906.]

1. PLEADING.—*Complaint.—Contracts.—Carriers.—Railroads.*—A complaint showing that shippers "informed" the railroad agent that they would want certain cars in which to ship stock, and such agent "notified" them that he "would endeavor" to secure them, does not show a contractual relation between such shippers and such company.    p. 119.

2. SAME.—*Complaint.—Contracts.—Usage.—Railroads.*—A complaint counting on the breach of a custom to deliver cars at station P when they are under contract for delivery at A, must, to be sufficient, allege a contract for delivery at A.    p. 120.

3. RAILROADS. — *Furnishing Cars. — Custom.—Liability.*—Where plaintiffs ordered two double-decked stock-cars for shipment of stock from A, expecting, by virtue of an alleged custom, to send such cars to P to be loaded with stock there, and the railroad company furnished two single-decked cars, which were sufficient to hold their stock at A but not also the stock at P, the company is not liable for its failure to transport the stock at P, there being no custom of the company that cars ordered at A could be used at P and the company furnishing the cars at P as soon as possible after being apprised of the need of cars there.    p. 120.

From Dekalb Circuit Court; *Emmett A. Bratton,* Judge.

Action by John Anderson and another against the Lake Shore & Michigan Southern Railway Company.    From a judgment for plaintiffs, defendant appeals.    *Reversed.*

*Walter Olds, Charles M. Niezer, George C. Greene, F. J. Jerome* and *N. D. Doughman,* for appellant.

*William M. Brown, C. C. Carlin* and *Cyrus Cline,* for appellees.

BLACK, J.—The complaint of the appellees, suing as partners, against the appellant contained two paragraphs. In the first it was alleged, in substance, that the appellant owns and operates a line of railroad from the towns of Angola and Pleasant Lake to Waterloo, Indiana, and

thence eastward to East Buffalo, New York; that at all times hereinafter mentioned it was engaged as a common carrier in the transportation of property, including live stock, hogs, sheep, and cattle, from Angola, Pleasant Lake, and other towns along the line of the railroad to East Buffalo; that the appellees at the times herein mentioned were extensively engaged in buying and shipping live stock, including hogs, sheep, and cattle, for the East Buffalo market, and had been so engaged for many years, making regular shipments to that market over the appellant's line of railway; that the towns of Angola and Pleasant Lake are only four or five miles distant from each other; that January 2, 1904, the appellees "informed the agent of the defendant at Angola, Indiana, that they would want two double-decked stock-cars, in which to transport live stock from Angola and Pleasant Lake over said defendant's line of railway to East Buffalo, New York, on January 6, 1904; that thereupon the agent of the defendant at said town of Angola notified said plaintiffs that he would endeavor to secure said cars for said plaintiffs at that time;" that for years prior to "the making of said order" by the appellees it had been the usage and practice of the appellant to send cars which had been ordered for Angola to Pleasant Lake to be loaded, when required so to do by shippers; that the appellees, at the time they ordered said cars, well knew of said usage of the appellant, and believed and supposed that said cars, or so many of them as plaintiffs might desire, would be forwarded to Pleasant Lake to be loaded, if they so requested; that, relying upon "said order so made" to appellant's agent at Angola, and upon the custom and usage of appellant to forward cars to Pleasant Lake when desired so to do, as aforesaid, the appellees caused to be delivered at Angola and Pleasant Lake a large amount of live stock, to be shipped over appellant's railway; that there were so delivered to Pleasant Lake for shipment on said cars, "so ordered as aforesaid," 125 head

of hogs, 40 sheep, and 1 calf, on January 6, 1904; that the appellant furnished for the appellees four single-decked stock-cars, instead of two double-decked as ordered; that said cars were so furnished in discharge and pursuance of the order of the appellees made as aforesaid; that on January 6, 1904, appellees requested the appellant, through its agent at Angola, to forward the cars which had been ordered by appellees for the transportation of said stock, and which remained empty after loading the stock at Angola, to Pleasant Lake, in order that the stock collected at that place might be loaded on said cars at that place; that said cars were brought to Angola in a freight-train going south, which passed through Angola on the night of January 6, 1904; that the train remained in Angola while the stock collected in that place by the appellees was being loaded, and then proceeded south to Pleasant Lake, which is the first station south of Angola; that the appellant failed and refused to forward "said empty or partially loaded cars" to Pleasant Lake, "as requested, and as defendant promised it would do when said cars were ordered, and in violation of the custom and usage of defendant, as hereinbefore stated;" that appellant failed and refused to furnish cars for the transportation of said stock from Pleasant Lake, until January 8, 1904; that when the appellant received the stock at Pleasant Lake, on January 6, 1904, and also after the arrival and before the departure of the freight-train from Angola on the night of that day, the appellees demanded that the appellant forward the cars ordered by the appellees, and which remained unloaded, to Pleasant Lake, for the purpose of loading and shipping the stock at that place; that appellees were ready and willing to pay the freight for the transportation of said stock, the same as though it had been collected and loaded at Angola; that said stock, at the time of making said demand, was in the stock-yards of the appellant at Pleasant Lake, ready for shipment; that the appellant well knew at the time

appellees ordered said cars, and also at the time appellees ordered said cars to be forwarded to Pleasant Lake, that the appellees intended to have said stock shipped for the Friday market, January 8, 1904, in East Buffalo; that they did intend to have it shipped for the market in East Buffalo on that day; that if the appellant had furnished the cars for the transportation of said stock from Pleasant Lake on January 6, 1904, it would have reached East Buffalo in time for that market; that it did not arrive in East Buffalo until Sunday, January 10, 1904, and was held over till the following Monday, there being no market for the stock on Sunday; that when it was sold, January 11, 1904, it was sold on a declining market, etc. The complaint proceeds with allegations showing loss through the decline of the market, the shrinkage in weight of the stock, and the expense of feeding and caring for the stock during the period of delay.

In the second paragraph of the complaint, after preliminary averments much like those of the first paragraph, it was alleged that as a common carrier it was the duty of the appellant to furnish cars for the transportation of cattle, sheep, and hogs for hire from Angola and Pleasant Lake when requested so to do; that the appellees, relying upon their right to have such cattle, sheep, and hogs as they might wish transported over said railway duly transported over the same without delay, on January 6, 1904, purchased and caused to be delivered at Pleasant Lake a large quantity of live stock, etc., which was placed in the stock-yards of appellant at Pleasant Lake on that day; that appellees then and there demanded of appellant, through its agent at Pleasant Lake, the same being a regular station for the receipt of both passengers and live stock on appellant's line of railway, the means of transportation of said stock, and that appellant transport the same over its line of road to East Buffalo; that appellees were at the time of said demand, and at all times, ready and

willing to pay appellant the usual and customary rates of freight charges for the transportation of said stock; that appellant, wholly disregarding its duty and obligations, failed and refused to transport said stock or any part thereof, although it was able to do so on said day, had it so desired; that, as appellant and its agents well knew, said stock was intended by appellees for the Friday market at East Buffalo, January 8, 1904, and that appellees desired transportation for it in order that they might be able to sell it at East Buffalo on the next Friday, January 8, 1904; that if appellant had furnished the transportation as it should and might have done the stock would have reached that place in time for that market. Losses similar to those stated in the first paragraph were alleged. Issue being taken by an answer in denial, the cause was tried by jury, and a general verdict in favor of the appellees was returned with special findings in answer to interrogatories. The motion of appellant for judgment on these special findings was overruled.

The interrogatories and the answers thereto occupy considerable space in the record, and we will not seek to set forth all the findings. Among other things, it was found that the appellee Anderson requested the appellant to furnish cars at the station of Angola for his use in loading and shipping stock on January 6, 1904; that one of the appellees requested the appellant to furnish cars for their use in loading and shipping stock at Pleasant Lake on January 6, 1904; that the request last mentioned—to furnish cars at Pleasant Lake—was made by appellee Anderson of the Angola agent, on January 6, 1904, at 4 o'clock p. m., or later; that the appellees did not make any request of the appellant for cars for their use in loading and shipping stock on January 6, 1904, before 9 o'clock a. m. of that day, except to request the furnishing of cars at Angola; that the only request made by appellees for cars for their use on January 6, 1904, for the loading and

shipment of stock, was a request made for cars to be furnished them at the station of Angola; that the appellant furnished the appellees all the cars they needed to load and ship all the stock they had at the station of Angola; that the appellees did not at any time before January 6, 1904, notify the appellant or any of its agents that they desired cars for their use at Pleasant Lake, to load and ship stock on January 6, 1904; that the appellant understood from appellees in their request for cars to use on January 6, 1904, in the shipping of stock, that they wanted cars to load and ship stock from the station of Angola; that Angola was a station on the appellant's railway from which stock and other freight were shipped; that Pleasant Lake was another station on appellant's railway, about four miles distant from Angola, from which stock and other freight were shipped; that the appellant maintained at both of these stations depots, freight-houses and stock-yards, for the accommodation of shippers in shipping stock and other freight; that it maintained and kept, both at Angola and Pleasant Lake, agents and employes to attend to the business of the company in receiving and shipping stock, and loading cars for the transportation of stock at each of said stations; that the agents and employes of the appellant at Angola did not have any jurisdiction or control over the handling of freight and the loading of cars at Pleasant Lake; that the agents and servants of the company at Pleasant Lake, in charge of the station and business of the appellant at that place, did not have any jurisdiction or control over the handling of cars and the loading of freight and the business of the appellant at Angola; that Angola and Pleasant Lake were separate and distinct stations and points of shipment on appellant's railway; that there was not any usage or custom existing on appellant's railway at the stations of Angola and Pleasant Lake, January 2, 1904, or thereafter, that the use of the station at Angola and the business of the company in the way of

shipping stock included also the station of Pleasant Lake; that in the business of the appellant in the shipment of freight and stock, the term "Angola," as a station, did not include the station of Pleasant Lake; that when cars were ordered for the station at Angola, it was the custom and usage of the appellant to use such cars when they arrived at Angola for the loading of stock and other freight at Angola then ready for shipment; that on the night of January 6, 1904, there was stock in the yards of the appellant at Angola, awaiting shipment, sufficient to fill all the stock-cars that appellant had that night at Angola; that if the appellant had furnished cars from Angola, on the night of January 6, 1904, to the appellees to load at Pleasant Lake, there would have been left in the yards at Angola stock awaiting shipment, without any cars in which to ship such stock; that it was the usual practice of appellees and other shippers, when ordering stock-cars for loading, either at Pleasant Lake or Angola, to give from two to four days notice of the time when they would need such cars for loading stock; that on January 6, and for some days prior thereto, there was an unusual demand upon the appellant for stock-cars for the shipping of stock; that on January 6, 1904, the appellant supplied the appellees and other shippers at Angola all the cars it had not in use and available for the loading of stock, either at Angola or Pleasant Lake; that if the appellant had furnished the appellees two of the stock-cars used at Angola, which arrived there on the night of January 6, 1904, the cars would have reached Pleasant Lake for loading about midnight of that date; that the appellant furnished the appellees cars at Pleasant Lake on which to load all stock, during the night of January 7, about twenty-four hours later than cars that were used at Angola could have been furnished at Pleasant Lake; that the appellant supplied cars for the use of the appellees in loading their stock at Pleasant Lake as soon as it could do so after receiving notice that the appellees

wanted cars at Pleasant Lake, upon which to load and ship stock, without taking cars from other shippers who had stock ready for shipment where such cars were; that the agent of the appellant at Angola did not have any right or power, on the night of January 6, 1904, to have any of the stock-cars that had been ordered and supplied for the use of the shippers at Angola moved from that place to Pleasant Lake to be there used by the appellees; that the appellant furnished cars for the use of the appellees at Pleasant Lake within about thirty-six hours after receiving notice that they desired cars at that place for use in loading stock; that the appellant, within a reasonable time, under the condition existing in the way of demand for cars, after receiving notice from appellees that they desired cars to use for loading stock at Pleasant Lake, furnished cars sufficient to load all the stock appellees had at that place.

In the first paragraph of the complaint it was alleged that the appellees on January 2 "informed" the agent at Angola that they would want two double-decked stock-cars in which to transport live stock from "Angola and Pleasant Lake," and that thereupon that agent "notified" the appellees that he "would endeavor" to secure the cars. This was not an acceptance of the proposal according to the terms in which it was made, or an unconditional promise to comply with it. It was only a promise that the agent would endeavor to comply with the order, which it was his duty to do without a contract. It is not called a contract or agreement in the pleading, but is always therein referred to as an order. It is alleged that for years prior to the making of this order to send cars to Angola and Pleasant Lake, it had been the usage of the appellant to send cars which had been ordered for Angola to Pleasant Lake, to be loaded, when required so to do by shippers. It is not, in this connection, stated when, under the alleged usage, the request to forward cars to Pleasant Lake was to be made or to whom, under that

usage, the request was to be made; but it is alleged that the appellant in discharge of the order furnished to appellees four single-decked cars, instead of two double-decked cars as ordered; that these cars were brought to Angola, and that January 6 the appellees requested the appellant, through the agent at Angola, to forward to Pleasant Lake, to be there loaded, the cars that remained empty after loading their stock at Angola, which the appellant failed and refused to do, "as requested and as said defendant promised it would do when said cars were ordered, and in violation of the custom and usage of defendant as hereinbefore stated."

2.    If a practice of sending empty cars ordered to be forwarded to Angola, and not there used, to another station four miles distant, upon a request first made after the arrival of such cars at Angola, or on the day of their arrival at that station, can be said to be more than the frequent granting of a privilege, and to have the qualities of reasonableness and consistency with the terms of a contract which are necessary to a controlling usage in the business of a railroad company, it was not sufficiently pleaded. No contract or order accepted either absolutely or conditionally to furnish cars at Angola was alleged; the averment being that the appellees informed the agent that they would want the cars to transport the stock from the two stations on a day specified, and that the agent notified them that he would endeavor to secure the cars for them at that time. No contract or order accepted, to which any alleged usage was applicable, is stated in the complaint.

3.    The allegation that the appellant furnished for the appellees four single-decked cars, in pursuance of their order, is not sustained by the special findings of the jury. It furnished them two cars, on which they loaded all their stock at Angola, and all the other empty cars at Angola, when the appellees requested that cars be sent to Pleasant Lake, were needed and were used for the

transportation of the stock of other shippers then at Angola. It appears from the special findings that there was an unusual demand for stock-cars, and that the appellant had no cars which it could furnish for use at Pleasant Lake on January 6, under the order first given on that day, to the agent at Angola, and that cars for the shipment of the stock at Pleasant Lake were provided within a reasonable time after the request therefor, and as soon as they could be furnished, without depriving other shippers of their rights; and it was expressly found that the agent at Angola did not have any right or power to order the cars supplied for the use of shippers at that station to be moved to Pleasant Lake when he was asked to do so by appellees. It sufficiently appears that there was no remissness on the part of the appellant in the performance of its legal duties as a common carrier.

Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for judgment in its favor.